**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

VIVEK SHAH,

Plaintiff,

v.

BACKOFFICE ASSOCIATES, LLC,

Defendant.

Case No.: 2:26-cv-00848-MWC-SK

Date: April 17, 2026
Time: 1:30 pm
Courtroom: 6A
Hon. Michelle Williams Court

# NOTICE OF MOTION AND MOTION TO COMPEL RULE 26(f) CONFERENCE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 17, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6A of the above-entitled Court, located at 255 East Temple Street, Los Angeles, California, Plaintiff Vivek Shah will and hereby does move this Court for an order compelling Defendant BackOffice Associates, LLC to participate promptly in the conference required by Federal Rule of Civil Procedure 26(f).

This motion is made on the grounds that Federal Rule of Civil Procedure 26(f)(1) requires the parties to confer "as soon as practicable," and Defendant has improperly refused to do so based on its unilateral assertion that a conference is "premature" until a later date of Defendant's choosing. Defendant's position misreads Rule 26(f), improperly rewrites the Rule's timing requirement, and delays the orderly progression of this case without any court-ordered stay.

Plaintiff further requests that the Court admonish Defendant's counsel for employing dilatory tactics, including insisting on an immediate meet and confer regarding Defendant's anticipated motion to dismiss while simultaneously refusing to discuss Rule 26(f) topics during the same call, threatening Rule 11 motion practice over Plaintiff's attempt to enforce Rule 26(f), and attempting to unilaterally postpone the Rule 26(f) conference for more than a month based solely on counsel's claimed lack of preparedness rather than any rule, order, or legitimate

stay of obligations.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Vivek Shah, Exhibit A, all pleadings and papers on file in this action, and such other argument or evidence as the Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This motion presents a straightforward issue of rule compliance. Federal Rule of Civil Procedure 26(f)(1) states that "the parties must confer as soon as practicable" and, in any event, at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b). The Rule imposes an affirmative obligation to confer promptly. It does not authorize a party to refuse to confer because a scheduling conference has not yet been set, because the party is considering a motion to dismiss, or because counsel believes a later date would be more convenient.

That is precisely what happened here. Defendant's counsel contacted Plaintiff and demanded a same-day telephonic meet and confer regarding Defendant's anticipated motion to dismiss. Plaintiff agreed. Plaintiff also requested that the parties address the Rule 26(f) topics during that same call. Defendant's counsel refused. Counsel asserted that a Rule 26(f) conference would be "premature," that there was "no urgency," that the parties had "plenty of time," and that the earliest "practicable" time from Defendant's perspective was the week of April 20, 2026 because Defendant was not yet prepared for a meaningful discussion. Counsel also suggested that Plaintiff's effort to enforce Rule 26(f) could only have an improper purpose and invoked Rule 11.

Defendant’s position is contrary to the text, structure, and purpose of Rule 26(f). The Rule requires parties to confer as soon as practicable, not whenever one side subjectively decides it is sufficiently prepared. The phrase "in any event" establishes an outside deadline, not a waiting period. A contemplated motion to dismiss does not automatically stay Rule 26 obligations. Nor may a party unilaterally delay the Rule 26(f) conference while simultaneously pressing its own pre-motion meet and confer demands.

Plaintiff does not seek sanctions. However, the record warrants an admonition. Defendant’s counsel used the conference requirement selectively: urgent enough when it served Defendant’s contemplated Rule 12 motion, supposedly premature when it came to Plaintiff’s right to move the case forward under Rule 26(f). The result is delay without any support in the Federal Rules. The Court should compel Defendant to participate in the Rule 26(f) conference within a short, definite period and should admonish counsel that unilateral delay tactics of this kind are inconsistent with counsel’s obligations under the Federal Rules.

## II. FACTUAL BACKGROUND

### A. Defendant Demanded an Immediate Meet and Confer Regarding Its Anticipated Motion to Dismiss.

On March 19, 2026, Defendant’s counsel contacted Plaintiff and stated that

counsel had been retained to represent Defendant in this action. Counsel advised that Defendant's response to the complaint was due on March 26, 2026 and demanded a meet and confer that same day regarding Defendant's anticipated motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Counsel asserted that Local Rule 7-3 and Judge Court's standing order required a telephonic conference and requested that Plaintiff call back that day.

Counsel then set forth the anticipated grounds for Defendant's motion to dismiss in considerable detail, demonstrating that Defendant had already formed positions on jurisdiction, standing, and the sufficiency of the complaint, and was prepared to require Plaintiff to participate in immediate pre-motion discussions on those issues.

**B. Plaintiff Agreed to Confer and Requested That the Parties Also Conduct Their Rule 26(f) Conference During the Same Call.**

Plaintiff promptly responded, provided availability, and agreed to participate in the requested call. Plaintiff further stated that during the meet and confer for Defendant's anticipated motion to dismiss, the parties would also have their Rule 26(f) conference. Plaintiff asked Defendant's counsel to state whether counsel disagreed.

Plaintiff's request was reasonable. The parties were already arranging a telephonic conference regarding the case. Rule 26(f) required the parties to confer

as soon as practicable. There was no rule-based impediment to addressing Rule 26(f) topics on the same call.

**C. Defendant Refused to Conduct the Rule 26(f) Conference and Asserted It Was "Premature."**

Defendant's counsel then responded that Defendant would not discuss Rule 26(f) that day. Counsel stated that the Rule 26(f) conference "must be completed at least 21 days prior to a scheduling conference," that Defendant had not yet appeared, that no scheduling conference had been set, and that a Rule 26(f) conference "now would be premature." Counsel further stated that the parties had "plenty of time" and that there was "no urgency" to conduct the conference that day.

Counsel also claimed that additional time was needed to discuss Rule 26(f) issues with the client before a meaningful conference could occur, and proposed the week of April 20 through April 24, 2026 as the period during which counsel would have wide availability if Plaintiff insisted on an early conference.

In the same communication, counsel stated that Plaintiff's threatened motion to compel a Rule 26(f) conference could only have an improper purpose, such as harassment or needlessly increasing litigation costs, and specifically referenced Rule 11(b)(1).

**D. The Parties Held the March 19 Call, but Defendant Still Would Not**

**Conduct the Rule 26(f) Conference.**

The parties held the March 19, 2026 call. During or immediately after the call, Defendant's counsel proposed April 24, 2026 at 2:00 p.m., or another time that week, as the date for the Rule 26(f) conference.

Plaintiff did not agree to that date. Plaintiff responded that Rule 26(f) requires the parties to confer as soon as practicable, that the parties were already on the phone discussing the case, and that nothing prevented them from addressing the Rule 26(f) topics during that call. Plaintiff also cancelled the April 24 calendar event that counsel had placed on Plaintiff's calendar without agreement.

**E. Defendant Reaffirmed That It Would Not Confer Until Late April Because It Was Not "Prepared."**

Defendant's counsel then sent a further email stating that the earliest "practicable" date did not mean the instant Plaintiff demanded it, that Defendant was not prepared to have a meaningful Rule 26(f) discussion yet, and that from Defendant's perspective the earliest practicable time for such a discussion was the week of April 20, 2026.

This final email makes the dispute unmistakably clear. Defendant's position is not merely that it prefers a different date. Defendant's position is that the phrase "as soon as practicable" means whenever Defendant subjectively decides it is prepared to have the conference. That is not what Rule 26(f) says.

## III. LEGAL STANDARD

Rule 26(f)(1) provides: "Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

The rule has two components relevant here. First, it imposes an affirmative duty to confer "as soon as practicable." Second, it sets an outside deadline by requiring that the conference occur at least 21 days before the Rule 16 scheduling event. The text does not state that parties should wait until a scheduling conference is set. Nor does it state that one party may postpone the conference until it feels prepared.

The 1993 Advisory Committee Notes reinforce this understanding. The Notes explain that it will often be desirable for the Rule 26(f) meeting to occur early in the case, perhaps even before a defendant has answered the complaint. *Id.* ("It will often be desirable, particularly if the claims made in the complaint are broadly stated, for the parties to have their Rule 26(f) meeting early in the case, perhaps before a defendant has answered the complaint or had time to conduct other than a cursory investigation.") That commentary confirms what the text already makes plain: early conferences are contemplated, encouraged, and consistent with the Rule's purpose.

Rule 1 provides further context. The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 26(f) serves that objective by requiring parties to address claims, defenses, preservation, disclosures, and a discovery plan early enough to promote orderly case management.

Absent a court order staying discovery-related obligations, a party remains bound by Rule 26(f). A contemplated motion to dismiss does not automatically relieve a party of its obligations under the Rule.

## IV. ARGUMENT

### A. Defendant's Interpretation of Rule 26(f) Is Contrary to the Rule's Text.

The central flaw in Defendant's position is textual. Defendant reads Rule 26(f) as though it says the parties should wait until a scheduling conference has been set, or until 21 days before such a conference, before they need to confer. That is not what the Rule says.

The Rule says the parties "must confer as soon as practicable." The phrase "and in any event" introduces a backstop. In ordinary usage and in legal drafting, "in any event" marks an outside limit, not a prerequisite. Thus, Rule 26(f) imposes a prompt duty to confer, while ensuring that the conference does not occur any later than 21 days before the Rule 16 scheduling event.

Defendant's reading effectively excises the words "as soon as practicable" from the Rule. If Defendant were correct, the Rule would function as though it said only that the conference must occur 21 days before a scheduling conference, with no independent obligation of promptness. But the Rule contains both requirements. Courts are not to construe a rule in a manner that renders part of it superfluous.

Defendant's assertion that no scheduling conference has been set does not justify delay. To the contrary, because no scheduling conference has been set, Rule 26(f)'s instruction to confer "as soon as practicable" takes on added significance. The Rule calls for prompt party action, not passive waiting.

**B. Defendant May Not Redefine "Practicable" to Mean "Whenever We Feel Prepared."**

Defendant's latest email is particularly revealing. Counsel states that from Defendant's perspective the earliest "practicable" time is the week of April 20 because Defendant is not yet prepared to have a meaningful discussion. That position replaces the Rule's objective timing standard with Defendant's subjective readiness.

The word "practicable" does not mean whenever one party would prefer to proceed. Nor does it mean whenever counsel concludes that the client has had as much time as counsel wants to prepare. A rule requiring action "as soon as practicable" imposes a standard of reasonable promptness under the circumstances.

It does not permit a litigant to defer compliance based solely on internal preference or convenience.

Here, the surrounding circumstances show that a prompt conference was practicable. Defendant's counsel had already reviewed the case sufficiently to formulate detailed Rule 12 arguments, demand an immediate same-day meet and confer, and discuss those issues by telephone. The parties were already on the phone discussing the litigation. Nothing in the record indicates that Defendant needed court intervention, third-party participation, or any external event before it could address the basic Rule 26(f) topics required by the Rule.

Those topics are not exotic or unusually burdensome. They include discussing the nature and basis of the parties' claims and defenses, possibilities for settlement, arrangements for disclosures, issues relating to preserving discoverable information, and a proposed discovery plan. A party need not possess fully developed merits discovery positions to begin that conference. Indeed, Rule 26(f) exists to start the process of organizing the case, not to wait until one side considers itself perfectly prepared.

**C. Defendant's Reliance on the Absence of a Scheduling Conference Misstates the Rule.**

Defendant repeatedly justified delay by stating that no scheduling conference had been set and that a Rule 26(f) conference now would therefore be

premature. That argument reverses the structure of the Rule.

The scheduling conference is not a trigger that forbids earlier compliance. The Rule anticipates that parties will confer before the Rule 16 event. The phrase "at least 21 days before" presupposes that conferences will often occur earlier. The Advisory Committee Notes expressly acknowledge that they may occur before an answer is filed.

If Defendant's logic were accepted, a party could always insist that the Rule 26(f) conference is premature until a scheduling conference appears on the calendar, even where the case is active and counsel are already engaged. Such a reading would undermine the Rule's purpose and invite gamesmanship. That is especially true in federal practice, where parties often need to discuss preservation, disclosures, and case planning early in litigation.

**D. A Contemplated Motion to Dismiss Does Not Automatically Suspend Rule 26(f) Obligations.**

Defendant's communications arose in the context of an anticipated motion to dismiss. But the Federal Rules do not provide that a contemplated motion to dismiss automatically stays the parties' obligations to conduct a Rule 26(f) conference.

If Defendant believed there were grounds to stay discovery-related obligations pending a Rule 12 motion, Defendant could have sought appropriate

relief from the Court. Defendant did not do so. Instead, Defendant attempted to create a self-help postponement of the Rule 26(f) conference based on counsel's unilateral assertion that the conference was not yet practicable.

That is not how the Rules operate. Parties must comply with the Rules unless the Court orders otherwise. A litigant may not suspend an obligation first and seek justification later.

**E. Defendant's Conduct Is Internally Inconsistent and Reveals Dilatory Tactics.**

The sequence of events is telling. Defendant's counsel insisted on an immediate, same-day call concerning Defendant's own anticipated motion to dismiss. Counsel cited local rules and the Court's standing order to support the need for prompt conferral. Yet when Plaintiff sought to use that same call to conduct the Rule 26(f) conference required by the Federal Rules, counsel abruptly took the opposite position and insisted that the subject was too early, not urgent, and could wait more than a month.

That inconsistency is difficult to reconcile with a good-faith effort to move the case forward. If counsel was prepared to discuss detailed Rule 12 arguments on March 19, then counsel was prepared, at a minimum, to begin the Rule 26(f) discussion required by the Rules or to explain some concrete and legitimate barrier to doing so. No such barrier appears. Instead, counsel invoked lack of readiness in

the abstract, despite already engaging in substantive case discussions.

The Court need not impose sanctions to recognize what the record shows: Defendant's conduct delayed the Rule 26(f) process for reasons unsupported by the Rules and used the language of preparedness and prematurity as a mechanism for postponement.

**F. Counsel's Rule 11 Threat Further Supports an Admonition.**

Defendant's counsel went beyond merely disagreeing on timing. Counsel asserted that Plaintiff's effort to file this motion could only have an improper purpose and specifically invoked Rule 11. That was unwarranted.

A party does not act improperly by seeking court enforcement of a Federal Rule when the opposing party refuses to comply. Plaintiff requested a same-day Rule 26(f) conference during a call the parties were already having about the case. When Defendant refused and insisted on late-April dates, Plaintiff sought judicial resolution. That is ordinary motion practice, not sanctionable conduct.

The Rule 11 invocation is relevant because it shows that Defendant was not simply proposing a reasonable alternate date while preserving a good-faith disagreement. Counsel also sought to deter Plaintiff from asking the Court to decide the issue. That kind of warning is especially inappropriate where the text of Rule 26(f) supports prompt conferral and the asserted basis for delay is legally incorrect.

**G. Plaintiff Does Not Seek Sanctions, but an Admonition Is Appropriate.**

Plaintiff is not seeking monetary sanctions or other punitive relief. However, the Court should admonish Defendant's counsel that the conduct reflected in this record is inconsistent with the obligations imposed by the Federal Rules. Counsel: (1) demanded immediate compliance when it served Defendant's anticipated Rule 12 motion; (2) refused to address Rule 26(f) on that same call; (3) asserted that a Rule 26(f) conference is "premature" until a later date chosen by Defendant; (4) attempted to reserve a late-April date on Plaintiff's calendar without agreement; (5) redefined the word "practicable" to mean when Defendant felt prepared; and (6) threatened Rule 11 over Plaintiff's attempt to enforce the Rule. Even if the Court concludes that an admonition should be brief, some statement is warranted to make clear that parties are not free to unilaterally postpone Rule 26(f) conferences based on subjective preference and then characterize an enforcement motion as harassment.

**H. Prompt Relief Is Necessary.**

The practical relief requested is modest. Plaintiff seeks only an order requiring Defendant to do what Rule 26(f) already requires: confer promptly. A definite deadline is appropriate because leaving the matter to Defendant's discretion will only perpetuate the very delay that necessitated this motion.

An order requiring the conference to occur within seven days of the Court's

ruling would be reasonable. Defendant has already had ample notice of Plaintiff's request, has already analyzed the complaint in detail, has already discussed the case with Plaintiff, and has already devoted substantial effort to explaining why it does not wish to comply now. There is no credible basis to postpone the Rule 26(f) conference further.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order:

1. Granting Plaintiff's Motion to Compel a Rule 26(f) Conference;
2. Ordering Defendant to participate in the Rule 26(f) conference within seven days of the Court's order, or on such earlier date as the Court deems appropriate;
3. Admonishing Defendant's counsel that counsel's unilateral delay of the Rule 26(f) conference, mischaracterization of the Rule's timing requirement, and invocation of Rule 11 in response to Plaintiff's effort to enforce Rule 26(f) were improper and inconsistent with the Federal Rules; and
4. Granting such other and further relief as the Court deems just and proper.

Dated: March 19, 2026

*/s/ Vivek Shah*
Vivek Shah

1301 N Broadway Ste 32167
Los Angeles, CA 90012
(224)246-2874
newvivekshah@gmail.com

## PROOF OF SERVICE

I, Vivek Shah, declare that I am the Plaintiff in this action. My mailing address is 1301 N Broadway Ste 32167, Los Angeles, California 90012.

On March 19, 2026, I served the following document(s): **NOTICE OF MOTION AND MOTION TO COMPEL RULE 26(f) CONFERENCE**

on the following party by placing a true and correct copy in a sealed envelope addressed as follows:

BACKOFFICE ASSOCIATES, LLC
C/O CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

☒ **BY UNITED STATES MAIL:** I placed the envelope for collection and mailing, following ordinary business practices, with the United States Postal Service in Los Angeles, California. The envelope was addressed as set forth above with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 19, 2026, at Los Angeles, California.

/s/ Vivek Shah

Vivek Shah