**MUSICK, PEELER & GARRETT LLP**

333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Telephone (213) 629-7600
Facsimile (213) 624-1376

Robert Bailey (State Bar No. 214688)
 *r.bailey@musickpeeler.com*
Daniel J. Taylor (State Bar No. 241404)
 *d.taylor@musickpeeler.com*

Attorneys for Defendant
BACKOFFICE ASSOCIATES, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVEK SHAH, | Case No. 2:26-cv-00848-MWC-SK |
| Plaintiff, | Hon. Michelle Williams Court |
| vs. | **DEFENDANT BACKOFFICE ASSOCIATES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(B)(1) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| BACKOFFICE ASSOCIATES, LLC, | |
| Defendant. | |

*(Filed concurrently with Declaration of Daniel J. Taylor; Request for Judicial Notice, and [Proposed] Order)*

Date: April 24, 2026
Time: 1:30 p.m.
Location: Ctrm. 6A, 6th Floor
 First Street U.S. Courthouse
 350 W. 1st Street
 Los Angeles, CA 90012

MUSICK, PEELER
& GARRETT LLP

5164139.2

Case No. 2:26-cv-00848-MWC-SK

DEFENDANT BACKOFFICE ASSOCIATES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................6

II.   SHAH'S ALLEGATIONS AND FACTS SUBJECT TO JUDICIAL NOTICE ..................................................................................................................7

    A.    Material Allegations of the Complaint ......................................................7

    B.    Facts Subject to Judicial Notice ................................................................8

III.  ARGUMENT ........................................................................................................8

    A.    Shah Does Not Establish a Basis for Subject Matter Jurisdiction .............8

        1.    Shah Relies On an Inapplicable Jurisdictional Statute ...................8

        2.    Shah Does Not Establish Diversity Jurisdiction ............................9

        3.    Supplemental Jurisdiction Does Not Apply Here ..........................9

    B.    Shah's Complaint Does Not Establish Article III Standing. ......................9

    C.    Shah's Complaint Also Fails to State a Claim Under CIPA. ...................12

        1.    The Rule 12(b)(6) Standard ........................................................12

        2.    California Penal Code Section 631(a) ..........................................12

        3.    Shah Cannot Plausibly State a Claim for Violation of CIPA Section 631(a) Due to the Party Exemption ...............................13

        4.    Shah Does Not Plausibly State a Claim Against Backoffice for Aiding a Third Party's CIPA Section 631(a) Violation ...........14

        5.    Shah Fails to Allege the Contents of Any Intercepted Communication ...........................................................................16

        6.    Shah Does Not Plausibly Allege Lack of Consent. ......................17

IV.   CONCLUSION ..................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................12

*Balletto v. American Honda Motor Co.*,
  Case No. 23-cv-01017-JSW, 2023 WL 7026931 (N.D. Cal. 2023)...................15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................12

*Byars v. Sterling Jewelers, Inc.*,
  No. 5:22-CV-01456-SB-SP, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) .............................................................................................10, 11

*Cline v. Reetz-Laiolo*,
  329 F. Supp. 3d 1000 (N.D. Cal. 2018)..............................................................12

*In re Facebook, Inc. Internet Tracking Litigation*
  956 F.3d 589 (9th Cir. 2020) ..........................................................................14

*Garcia v. Build.com, Inc., No. 22-CV-1985-DMS-KSC,*
  *2024 WL 1349035 (S.D. Cal. Mar. 29, 2024)* ......................................................14

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ..........................................................................12

*In re Google, Inc.*,
  2013 WL 5423918 (N.D. Cal. Sept. 26, 2013)....................................................17

*Gutierrez v. Converse Inc.*,
  No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025)............................13, 16

*Heiting v. Taro Pharmaceuticals USA, Inc.*
  709 F.Supp.3d 1007 (C.D. Cal. 2023)................................................................16

*Licea v. American Eagle Outfitters, Inc.*,
  659 F.Supp.3d 1072 (C.D. Cal. 2023)........................................................13, 16

*Mastel v. Miniclip SA*,
  549 F. Supp. 3d 1129 (E.D. Cal. 2021)..............................................................16

*Opperman v. Path, Inc.*,
   205 F. Supp. 3d 1064 (N.D. Cal. 2016)............................................................17

*Popa v. Microsoft Corp.*,
   153 F.4th 784 (2025) .................................................................................10, 11

*Rodriguez v. Autotrader.com, Inc.*,
   No. 2:24-CV-08735-RGK-JC, 2025 WL 1085787 (C.D. Cal. Apr. 4, 2025) ............................................................................................................11, 15

*Rodriguez v. Ford Motor Co.*,
   722 F. Supp. 3d 1104 (S.D. Cal. 2024). ........................................12, 14, 16, 16

*Rogers v. Ulrich*,
   52 Cal.App.3d 894 (1975) .......................................................................13, 14, 15

*Silver v. Stripe Inc.*,
   2021 WL 3191752 (N.D. Cal. July 28, 2021) ...................................................17

*Smith v. Facebook, Inc.*,
   745 F. App'x 8 (9th Cir. 2018)..........................................................................17

*Spokeo v. Robbins*,
   578 U.S. 330 (2016) .....................................................................................9, 10

*Swarts v. Home Depot*,
   Case No. 23-cv-0995-JST, 2023 WL 5615453 (N.D. Cal. 2023).....................15

*Tavernetti v. Superior Court*,
   583 P.2d 737 (Cal. 1978)...................................................................................13

*Thomas v. Papa John's International, Inc.*,
   No. 24-3557, 2025 WL 1704437 (9th Cir. June 18, 2025) ...............................14

*TransUnion v. Ramirez*,
   594 U.S. 413 (2021) .............................................................................................9

*Warden v. Kahn*,
   99 Cal.App.3d 805 (1979) .................................................................................13

**Statutes**

28 U.S.C. § 1331.......................................................................................................8

28 U.S.C. § 1332.............................................................................................6, 8, 9

MUSICK, PEELER
& GARRETT LLP

DEFENDANT BACKOFFICE ASSOCIATES, LLC'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT

28 U.S.C. § 1367 .................................................................................................. 9

Cal. Penal Code § 631(a) ............................................................................... *passim*

Federal Rule of Civil Procedure 12(b)(1) ............................................ 5, 6, 12, 18

Federal Rule of Civil Procedure 12(b)(6) ............................................ 5, 7, 12, 18

United States Constitution Article III .......................................................... *passim*

**MUSICK, PEELER & GARRETT LLP**

5164139.2

4

Case No. 2:26-cv-00848-MWC-SK

DEFENDANT BACKOFFICE ASSOCIATES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## NOTICE OF MOTION AND MOTION

### TO THE COURT, ALL PARTIES, AND THE PARTIES' ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on April 24, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Michelle Williams Court of the above-entitled Court, located at the First Street U.S. Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, Courtroom 6A, 6th Floor, Defendant Backoffice Assistants, LLC ("Backoffice") will and hereby does move the Court to dismiss Plaintiff Vivek Shah's ("Shah") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

This motion is made on the grounds that: (1) Shah fails to establish any basis for this Court's subject matter jurisdiction; (2) Shah does not have standing under Article III of the Constitution; and (3) Shah cannot state a claim for relief under Rule 12(b)(6) because he cannot plausibly allege a violation of the California Invasion of Privacy Act.

This motion is made following the conference of counsel for Backoffice and Shah which took place on March 19, 2026. As further detailed in the Declaration of Daniel J. Taylor filed concurrently herewith ("Taylor Decl."), the conference did not result in a resolution of the issues raised in this motion.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the pleadings and records on file in this action, and such other matters as the Court may consider at or before the hearing on the motion.

DATED: March 26, 2026        MUSICK, PEELER & GARRETT LLP

By: _____
Daniel J. Taylor
Attorneys for Defendant
BACKOFFICE ASSOCIATES, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

*Pro se* plaintiff Vivek Shah ("Shah")'s complaint should be dismissed for three independent reasons.

First, Shah fails to establish federal subject matter jurisdiction under 28 U.S.C. § 1332(a).  Shah's single claim arises under California state law (Cal. Penal Code § 631(a)) and he alleges only $5,000 in statutory damages.  Thus, the alleged amount in controversy falls well below the $75,000 threshold required to support federal diversity jurisdiction.  Therefore, the claim is subject to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

Second, Shah fails to allege an injury in fact sufficient to establish standing under Article III of the United States Constitution. He alleges that Backoffice "willfully read, learned, and attempted to learn" the contents of his search queries submitted to Backoffice's website. Complaint ¶24 (Dkt 1).  He does not allege any concrete harm resulting from his use of the website's search function.  Thus, for this reason as well, Shah's claim is subject to a motion to dismiss pursuant Rule 12(b)(1).

Third, Shah does not plausibly allege a violation of Cal. Penal Code § 631(a). This statute governs eavesdropping and interception of communications in transit; it does not apply to website searches.  Further, Backoffice is a party to the communications Shah alleges were intercepted and the "first party" exception prevents any claim against Backoffice.  Finally, Shah's allegations and conduct establish his consent.  Shah voluntarily entered searches into Backoffice's search function (Dkt 1, ¶17), he admits that the Backoffice website presented him with a consent banner (Dkt 1, ¶17), and he has filed numerous cut-and-paste copies of nearly identical claims against several websites. Request for Judicial Notice ("RJN") Nos. 1-5. These allegations and judicially noticeable facts establish Shah was testing websites with knowledge of their function and impliedly consented to their function. For these reasons, Shah's complaint does not state a claim and it should be dismissed

under Rule 12(b)(6).

Backoffice's counsel met and conferred with Mr. Shah on March 19, 2026 and discussed each of these reasons why the complaint should be dismissed.  Mr. Shah refused to dismiss the complaint.  He also refused to amend any of his allegations to attempt to cure these defects. Taylor Decl. ¶ 8. For that reason, this motion to dismiss should be granted without leave to amend.

## II.   SHAH'S ALLEGATIONS AND FACTS SUBJECT TO JUDICIAL NOTICE

### A.   Material Allegations of the Complaint

Shah filed his complaint on January 19, 2026.  In it, he alleges that he visited the Backoffice website, www.syniti.com, on or about October 12, 2025 and entered search terms into a search bar on the site. Dkt 1, ¶¶ 1, 10, 11.  Shah contends that the website contained third-party tracking and analytics scripts from companies "such as" LinkedIn and Facebook. Dkt 1, ¶ 12.  Shah alleges that those third-party scripts sent the exact search terms that he typed to third-party services.  Dkt 1, ¶ 14. Shah contends that he observed and documented one transmission to third-party domains containing his search terms. Dkt 1, ¶ 16.

Shah does not allege why he was using the website or what search terms he claims to have entered.  Shah does not identify any specific third-party or script that he contends transmitted his searches.

Shah further alleges that the Backoffice website presented him with a consent banner that included an option to deny cookies, and he alleges that he clicked "deny." Dkt 1, ¶ 17.  Shah does not allege what the consent banner disclosed about the alleged scripts before he continued using the website.

Shah contends the website search violates the California Invasion of Privacy Act ("CIPA"), specifically, California Penal Code section 631(a) ("CIPA Section 631(a)").  He seeks statutory damages of $5,000. *Id.*

MUSICK, PEELER
& GARRETT LLP

5164139.2                                   7                    Case No. 2:26-cv-00848-MWC-SK

DEFENDANT BACKOFFICE ASSOCIATES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**B.      Facts Subject to Judicial Notice**

Shah is a serial *pro se* litigant who, before filing the complaint against Backoffice, filed at least 5 nearly identical complaints alleging CIPA Section 631(a) violations in the Central District against other parties, five of them filed on the same day.  RJN Nos. 1-5.  This complaint is the sixth and most recent.

While most of these cases filed by Shah remain at the earliest stages of litigation, at least one case, *Vivek Shah v. Russco57, LLC*, Case No. 2:25-cv-12371, has already been dismissed by Judge Percy Anderson, twice, for, among other reasons, failing to allege a sufficient amount in controversy to support diversity jurisdiction.  RJN Nos. 6, 7.

## III.    ARGUMENT

**A.      Shah Does Not Establish a Basis for Subject Matter Jurisdiction**

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1. Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a)).)

**1.      Shah Relies On an Inapplicable Jurisdictional Statute**

Shah alleges that "[t]his Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2)." Dkt 1, ¶ 5.  However, Section 1332(d)(2), governs class actions.  *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action …").  Shah does not plead this case as a class action and does not plead that the amount in controversy exceeds $5,000,000.  Accordingly, Section 1332(d)(2) does not apply.  Tellingly, Shah makes this same error in paragraph 5 of every one of the complaints he has recently filed in this district.  RJN Nos.1-5.

## 2. Shah Does Not Establish Diversity Jurisdiction

If Shah intended to invoke diversity jurisdiction under 28 U.S.C. § 1332(a), the complaint still fails to allege facts sufficient to establish the required amount in controversy. Diversity jurisdiction requires that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Shah seeks only "statutory damages of $5,000 for each violation of Cal Penal Code § 631(a)." Dkt 1, p. 5. Shah does not allege any plausible way for damages to exceed the jurisdictional minimum. Therefore, he has failed to allege an amount in controversy sufficient to meet the requirement set forth in 28 U.S.C. § 1332(a), and the complaint must be dismissed for lack of subject matter or diversity jurisdiction.

## 3. Supplemental Jurisdiction Does Not Apply Here

Shah alternatively invokes supplemental jurisdiction under 28 U.S.C. § 1367. Dkt. 1 ¶ 5. Supplemental jurisdiction, however, exists only where a federal court has original jurisdiction over at least one claim in the action. 28 U.S.C. § 1367(a). Here, Shah asserts only a single state law claim. No basis exists for the Court to exercise supplemental jurisdiction. Again, Shah copied this same error in paragraph 5 of every one of complaints he has recently filed in this district. RJN Nos. 1-5.

## B. Shah's Complaint Does Not Establish Article III Standing.

Article III of the Constitution limits the federal judicial power to cases and controversies. U.S. Const. art. III, § 2. "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion v. Ramirez*, 594 U.S. 413, 423 (2021). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Spokeo v. Robbins*, 578 U.S. 330, 338 (2016). The burden of establishing these elements lies with the plaintiff. *Id.*

To demonstrate injury in fact, the plaintiff must "show that he or she suffered

MUSICK, PEELER
& GARRETT LLP

5164139.2

9

Case No. 2:26-cv-00848-MWC-SK

DEFENDANT BACKOFFICE ASSOCIATES, LLC'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT

'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  For purposes of Article III standing, a statutory violation, in and of itself, is insufficient to demonstrate a concrete injury.  *Popa v. Microsoft Corp.*, 153 F.4th 784, 792 (2025) (citing *TransUnion*, 594 U.S. at 430-31 and *Spokeo*, 578 U.S. at 341).

To show Article III standing for an alleged CIPA violation, a plaintiff must identify the "specific personal information she disclosed that implicates a protectable privacy interest." *Byars v. Sterling Jewelers, Inc.*, No. 5:22-CV-01456-SB-SP, 2023 WL 2996686 at *3 (C.D. Cal. Apr. 5, 2023) (dismissing CIPA privacy claim for violation of CIPA Section 631(a) for lack of standing because plaintiff failed to identify specific personal information or a protectable privacy interest).

Shah has not made this showing.  Here, Shah alleges simply that he "accessed" Backoffice' website and submitted "search queries" that were transmitted to third parties.  Dkt 1, ¶¶ 10-15.  He alleges that the "exact search terms he typed" were transmitted (Dkt 1, ¶ 14) but does not allege what those terms were, let alone whether any those search terms were personal or sensitive information that could plausibly give rise to a concrete injury.  The complaint does not describe the substance of the alleged search queries, does not allege that the queries contained personal information, and does not allege that any third party used or retained the information for any purpose. As in *Byars*, Shah has not alleged any specific personal information that implicates a protectible privacy interest.

Moreover, recent controlling Ninth Circuit authority confirms that the alleged collection of routine browsing-session information does not constitute an actual injury for purposes of Article III standing. In *Popa v. Microsoft Corp.*, 153 F.4th 784, the Ninth Circuit rejected the contention that the collection and sharing of information related to a user's browsing session creates an injury in fact.  The court held that such allegations, without more, fail to establish the concrete harm required by Article III.

*Id.* at 794. The Complaint here alleges nothing more than the transmission of search terms. That type of information falls squarely within the category of routine browsing session data the Ninth Circuit deemed insufficient in *Popa*. Accordingly, under controlling Ninth Circuit law, Shah fails to plead the injury in fact necessary to establish standing.

Moreover, a user that tests websites for the purpose of seeking out alleged privacy violations and expecting their privacy to be invaded has not suffered an injury-in fact. For example, in *Byars*, 2023 WL 2996686, at *3 n.4 (C.D. Cal. Apr. 5, 2023), the Court held:

> … the undisputed fact that [Plaintiff] filed numerous similar lawsuits before visiting Defendant's website casts doubt on any suggestion that she was surprised by surreptitious recording of her information…. To the contrary, it appears—and Plaintiff does not dispute—that Plaintiff visited Defendant's website looking for chat features that would track her conversations so that she could allege statutory violations.

*Id*. Similarly, in *Rodriguez v. Autotrader.com, Inc.*, No. 2:24-CV-08735-RGK-JC, 2025 WL 1085787, *1 n.2 (C.D. Cal. Apr. 4, 2025) the plaintiff in a CIPA Section 630(a) case admitted she was testing the website but also claimed to be a legitimate website user. The court held that, even assuming her legitimate use to be true, "it does not change the fact that she expected her privacy to be invaded, thereby negating any injury in fact." *Id*.

This is the sixth, nearly identical, case Shah has recently filed in this district alleging violations of CIPA Section 631(a). RJN Nos. 1-5. In every case, he alleges that he can view the allegedly offending scripts with standard browser development tools. If Shah can readily see such scripts, and has repeatedly alleged his familiarity with doing so, he cannot legitimately claim to be damaged by repeatedly using search functions. Because Shah intentionally seeks out search features that use third-party website tools for the purpose of alleging statutory violations, he has not suffered an injury-in-fact.

For all of the foregoing reasons, the Court should dismiss the Complaint under

Rule 12(b)(1).

**C.    Shah's Complaint Also Fails to State a Claim Under CIPA.**

**1.    The Rule 12(b)(6) Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). While the Court must accept well-pleaded factual allegations as true, it need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**2.    California Penal Code Section 631(a)**

Shah's complaint contains a single claim under CIPA Section 631(a), and CIPA Section 631(a) states:

> "any person ...[i] who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or [ii] who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; [iii] or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, [iv] or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section, is punishable by a fine...."

Cal. Penal Code § 631(a); *Rodriguez v. Ford Motor Co.*, 722 F. Supp. 3d 1104, 1112-13 (S.D. Cal. 2024). "The analysis for a CIPA claim is the same as that under the federal Wiretap Act." *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1051 (N.D. Cal.

2018).

CIPA Section 631(a) applies to three distinct and mutually independent patterns of conduct: (1) intentional wiretapping, (2) willfully attempting to learn the contents or meaning of a communication in transit over a wire, and (3) attempting to use or communicate information obtained as a result of engaging in either of the previous two. *Tavernetti v. Superior Court*, 583 P.2d 737, 741 (Cal. 1978).  Its fourth clause applies to anyone "'who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the' other three bases for liability." *Ford Motor Company*, 722 F.Supp.3d at1108.

The first clause, Cal. Penal Code § 631(a)[i], applies only to telephone lines and is not applicable to website interactions.  *See Licea v. American Eagle Outfitters, Inc.*, 659 F.Supp.3d 1072, 1075 (C.D. Cal. 2023) ("the first clause of Section 631(a) does not apply to communications made through the computer functions of a smart phone"); *Gutierrez v. Converse Inc.*, No. 24-4797, 2025 WL 1895315 at *1 (9th Cir. July 9, 2025) (affirming a motion for summary judgement against CIPA Section 631(a) wiretapping claims for internet tracking and data collection because "the record is devoid of evidence that Salesforce made an unauthorized connection through a telephone wire, line, cable, or instrument").

**3.    Shah Cannot Plausibly State a Claim for Violation of CIPA Section 631(a) Due to the Party Exemption**

It has long been established the Cal. Penal Code section 631(a) does not apply to the participants in a communication because a party cannot eavesdrop on their own conversation. *See Rogers v. Ulrich*, 52 Cal.App.3d 894, 898–99 (1975) ("[O]nly a third party can listen secretly to a private conversation."); *Warden v. Kahn*, 99 Cal.App.3d 805, 811 (1979) ("[S]ection 631 ... has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation.").  In *Rogers v. Ulrich*, Ulrich used a tape-recording device to record a conversation with Rogers without his knowledge or consent. 52 Cal.App.3d 894, 897

(1975). In holding for Ulrich, the court looked to the Legislature's intent in passing CIPA and noted that "it speaks of preventing eavesdropping ... thus suggesting that participant recording was not meant to be included." *Id*. at 899, 125 Cal.Rptr. 306. In turn, the court reasoned that "[i]t is never a secret to one party to a conversation that the other party is listening to a conversation; only a third party can listen secretly to a private conversation." *Id*.

Courts of the Ninth Circuit apply this party exemption to bar claims that have been made against websites under CIPA Section 631. *Thomas v. Papa John's International, Inc.,* No. 24-3557, 2025 WL 1704437, *1 (9th Cir. June 18, 2025) ("a party to a conversation cannot be liable under section 631 for 'eavesdropping' on its own conversation."); *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 607 (9th Cir. 2020) ("[CIPA] contain[s] an exemption from liability for a person who is a 'party' to the communication...."); *Garcia v. Build.com, Inc., No. 22-CV-1985-DMS-KSC, 2024 WL 1349035 (S.D. Cal. Mar. 29, 2024)*; and *Ford Motor Company,* 722 F. Supp. 3d at 1117.

Here, Shah's claims are based on alleged searches he submitted to Backoffice's website. As in *Thomas*, Backoffice is a party to those communications and cannot eavesdrop on them. Therefore, Shah fails to state a claim for violation of CIPA Section 631(a) because the claim against Backoffice is barred by the party exemption.

### 4. Shah Does Not Plausibly State a Claim Against Backoffice for Aiding a Third Party's CIPA Section 631(a) Violation

Likewise, Shah has failed to state a plausible claim under CIPA Section 631(a)'s fourth clause for "aiding, employing, and agreeing with" a third-party's violation for two reasons.

First, Shah cannot get around the party exception by alleging that Backoffice aided third parties in violating CIPA Section 631(a) by installing tracking and analytics code on its website. Courts draw a distinction between technology providers, like those alleged here, that are an agent of, or provide a tool for, the direct

participant to a communication and those that independently use the information intercepted for their own purposes. For example, in *Balletto v. American Honda Motor Co.*, Case No. 23-cv-01017-JSW, 2023 WL 7026931, 3 (N.D. Cal. 2023), the court granted a motion to dismiss a CIPA Section 631(a) claim where plaintiff did not allege that the third-party, Salesforce, received the intercepted communications or that it had the capability to use the data for its own purpose. The court concluded that the third-party's role was more akin to the tape-recorder in *Rogers* than to a separate individual listening in on a conversation. *Id*. Similarly, in *Swarts v. Home Depot*, Case No. 23-cv-0995-JST, 2023 WL 5615453, 7-8 (N.D. Cal. 2023), the court, again citing *Rogers*, drew the same distinction and granted a motion to dismiss where plaintiff failed to allege that third-party, LivePerson, could use the allegedly intercepted communications for any purpose other than to provide a tool supporting the defendant, Home Depot.

Shah's complaint, like *Balletto* and *Swarts*, does not allege that third parties used the alleged searches for their own purpose. In fact, Shah does not allege a specific third-party did anything at all. Shah alleges only that Backoffice's website had scripts from third-parties "such as" LinkedIn and Facebook. Dkt 1, ¶ 12. Aside from providing possible examples, he does not state what any specific third party did, let alone what they allegedly received or how they used it. Thus, the complaint alleges only that Backoffice's website contains tools made by third-parties that support its search function. As in *Balletto* and *Swarts*, that function is akin to the tape-recorder in *Rogers*, and does not violation CIPA Section 631(a).

Second, California Penal Code Section 31 defines aiding and abetting as "advised or encouraged [the crime's] commission." In *Rodriguez*, the Southern District applied this standard to a similar CIPA Section 631(a) claim made against Ford Motor Company, in which the plaintiff contended that Ford aided and abetted eavesdropping by a website support service called "LivePerson." *Ford Motor Company,* 722 F.Supp.3d 1104 at 1124. The Southern District dismissed the

DEFENDANT BACKOFFICE ASSOCIATES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

complaint against Ford finding that "Plaintiff has not alleged that Defendants knew LivePerson's conduct constituted a breach of some duty." *Id*. Here, Shah has not alleged that Backoffice knew that the unknown third-party's conduct violated some legal duty.

For these reasons, Shah's aiding and abetting theory also fails.

### 5.    Shah Fails to Allege the Contents of Any Intercepted Communication

Additionally, even if the party exception did not apply, Shah fails to state a claim under CIPA Section 631(a). A CIPA Section 631(a) violation requires interception of a communication "in transit" and not during electronic storage, even if that storage only lasts a few moments. *See Licea,* 659 F.Supp.3d 1072 (holding that plaintiff did not provide sufficient technical details regarding how/that interception occurred in transit); *see also Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1136 (E.D. Cal. 2021) and *Heiting v. Taro Pharmaceuticals USA, Inc.* 709 F.Supp.3d 1007 (C.D. Cal. 2023) (both dismissing CIPA Section 631(a) claims because allegations that internet traffic was collected as "in transit" were nearly nonexistent, too conclusory, and general); and *Gutierrez v. Converse Inc.,* No. CV 23-6547-KK-MAR) 2024 WL 3511648, 3 (C.D. Cal. 2024), aff'd No. 24-4797, 2025 WL 1895315 (9th Cir., 2025), ["it is 'virtually impossible' to learn the contents of an internet communication while it is in transit because internet communications are transmitted 'in different network packets'"].)

Shah alleges only that the third-party scripts on Backoffice's website caused his search terms to be transmitted to third-party servers in real time. That is not secretly recording a transmission as a wiretap would. That is merely the browser recording Shah's search terms, and the browser then sending those terms in multiple digital packets to third-party servers (which, incidentally, is how all Internet searches work). Shah does not allege any such packets are surreptitiously intercepted.

Because Shah has not alleged interception of a communication in transit, he has

MUSICK, PEELER
& GARRETT LLP

DEFENDANT BACKOFFICE ASSOCIATES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

not stated a plausible claim for violation of CIPA Section 631(a), and his complaint should be dismissed.

### 6.    Shah Does Not Plausibly Allege Lack of Consent.

Lack of consent is an essential element of a CIPA Section 631(a) claim; if a party to a communication consents to its interception, there is no violation.  *In re Google, Inc.*, 2013 WL 5423918, at *12 (N.D. Cal. Sept. 26, 2013); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1072 (N.D. Cal. 2016) (consent is a complete defense). Consent can be explicit or implied.  *In re Google*, 2013 WL 5423918, at *12. "The critical question with respect to implied consent is whether the parties whose communications were intercepted had adequate notice of the interception."  *Id.*

Courts may consider consent at the motion-to-dismiss stage where lack of consent is an element of the claim.  *Silver v. Stripe Inc.*, 2021 WL 3191752, at *2 (N.D. Cal. July 28, 2021); *Smith v. Facebook, Inc.*, 745 F. App'x 8, 9 (9th Cir. 2018).

Here, Shah alleges that a violation of CIPA Section 631(a) occurred.  Dkt. 1, ¶ 5. Shah further alleges that he "observed and documented one of these transmissions using standard browser developer tools."  *Id.* ¶ 16.  Shah does not allege which transmission he tracked using browser developer tools—but once the transmission had been identified, Shah would have been on notice that this information was being transmitted.  Moreover, Shah has made this same allegation against other websites in the five prior cases filed in this district alone over just the past six months.  RJN No. 1-5. Shah's knowledge of website search function, coupled with his continued willing engagement and testing of Backoffice's website constitutes implied consent to the transmission of the search terms he entered.  In short, he knew exactly how the website worked, chose to enter search terms, and therefore consented.

Furthermore, Shah alleges that he was presented with a cookie consent banner and affirmatively selected the option to "Deny" cookies before submitting any search queries.  Dkt. 1, ¶ 17.  Shah characterizes this selection as an "express rejection of unnecessary cookies and tracking," but the Complaint contains no allegation that the

**MUSICK, PEELER & GARRETT LLP**

DEFENDANT BACKOFFICE ASSOCIATES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

search functionality Shah challenges falls outside the website's necessary operational tools disclosed by the banner.  He also does not explain how "cookies" relate to the "scripts" that he contends transmit the searches to third-party servers.

Because the complaint does not plausibly allege lack of consent—and instead alleges facts demonstrating implied and explicit consent—Shah's CIPA claim fails.

## IV.    CONCLUSION

Shah's complaint fails to establish subject matter or diversity jurisdiction or Article III standing and should, therefore, be dismissed under Rule 12(b)(1).  In the alternative, dismissal is warranted under Rule 12(b)(6) because the Complaint fails to state a plausible claim under CIPA Section 631(a).  Because Shah did not raise any way he may amend his complaint to cure these issues, this Court should dismiss the complaint without leave to amend.

DATED: March 26, 2026                    MUSICK, PEELER & GARRETT LLP

By: _____
    Daniel J. Taylor
    Attorneys for Defendant
    BACKOFFICE ASSOCIATES, LLC

MUSICK, PEELER
& GARRETT LLP

5164139.2

18

Case No. 2:26-cv-00848-MWC-SK

DEFENDANT BACKOFFICE ASSOCIATES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT