**MUSICK, PEELER & GARRETT LLP**
333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Telephone (213) 629-7600
Facsimile (213) 624-1376

Robert Bailey (State Bar No. 214688)
*r.bailey@musickpeeler.com*
Daniel J. Taylor (State Bar No. 241404)
*d.taylor@musickpeeler.com*

Attorneys for Defendant
BACKOFFICE ASSOCIATES, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

VIVEK SHAH,

Plaintiff,

vs.

BACKOFFICE ASSOCIATES, LLC,

Defendant.

Case No. 2:26-cv-00848-MWC-SK

Hon. Michelle Williams Court

**OPPOSITION TO MOTION TO COMPEL RULE 26(f) CONFERENCE**

Date: April 17, 2026
Time: 1:30 pm
Courtroom: 6A

Defendant BackOffice Associates, LLC ("Backoffice") respectfully submits this opposition to Plaintiff Vivek Shah ("Shah")'s Motion to Compel Rule 26(f) Conference. Shah's motion should be denied for any or all of the following reasons:

(1) Shah attempted to force a Rule 26(f) conference before Backoffice had even appeared in the case;

(2) Shah has not established the amount-in-controversy necessary to support federal diversity jurisdiction;

(3) The motion violates Local Rules 6-1 and 7-3 because it was not timely served and Shah did not properly meet and confer 7 days before filing it;

(4) The motion is unnecessary because defense counsel agreed to participate in a Rule 26(f) conference the week of April 20, 2026; and

(5) Shah filed this motion for the improper purpose of increasing the costs and burdens of litigation.

Each of these issues is detailed below.

**First**, Shah demanded a Federal Rule of Civil Procedure 26(f) conference, and filed this motion, before Backoffice had even appeared in the case. Rule 26(f) calls for a conference "as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." But a party who has not yet appeared is not required to attend a Rule 26(f) conference. *See Stussy, Inc. v. Shein*, Case No. 8:22-cv-00379-CJC-KESx, 2022 WL 17363898, at *6 (C.D. Cal. Sept. 23, 2022) ("The Court also rejects Plaintiff's argument that defendants who have not yet appeared are obligated to attend the Rule 26(f) conference . . . before their deadline to file an answer or Rule 12 motion."). Shah's motion cites no authority to the contrary.

Here, Backoffice had not yet appeared in the case when Shah insisted on an immediate Rule 26(f) conference on March 19, 2026, and no scheduling conference had been set. Shah attempted to hijack the parties' meet and confer discussion regarding Backoffice's Motion to Dismiss to force an early Rule 26(f) conference.

He filed this motion only a few hours after that discussion. Declaration of Daniel J. Taylor ("Taylor Decl.") ¶ 11. The premature nature of this motion is also demonstrated by the fact that Shah mail served Backoffice directly, because defense counsel had not yet appeared. Therefore, Shah's demand for a Rule 26(f) conference with defense counsel before he, or defendant Backoffice, even appeared was premature. Shah's premature motion to compel an early conference should be denied.

In a similar case filed by Shah earlier this year, *Vivek Shah v. SecureWorks Corp*., Case No. 2:25-cv-12381, Shah also attempted to compel a premature Rule 26(f) conference. Request for Judicial Notice ("RJN") No. 1. In that case, Judge Otis Wright "DENIE[D] Plaintiff's premature motion to compel Rule 26(f) conference AS MOOT." RJN No. 2. Similarly, on March 16, 2026, Shah filed another premature motion to compel a Rule 26(f) conference in *Vivek Shah v. Talentbridge, Inc.*, Case No. 2:26-cv-00222. RJN No. 3. On March 24, 2026, Judge Anne Hwang summarily denied the motion. RJN No. 4. Shah's premature motion here should likewise be denied.

**Second**, a Rule 26(f) conference is not currently practicable because Shah has not established federal subject matter jurisdiction. Federal courts have an obligation to ensure subject matter jurisdiction exists and must dismiss a case on their own motion if jurisdiction is lacking. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Here, Shah's complaint alleges statutory damages of $5,000 and does not meet the $75,000 amount-in-controversy requirement necessary for diversity jurisdiction under 28 U.S.C. section 1332(a). Dkt 1, p. 5. Because Shah cannot support federal diversity jurisdiction for this state law claim, the case should be dismissed, and no Rule 26(f) conference is necessary.

Indeed, in another nearly identical case filed by Shah, *Vivek Shah v. Russco57, LLC*, 2:25-cv-12371, Judge Percy Anderson has already twice dismissed, *sua sponte*, the case for lack of subject matter jurisdiction. RJN Nos. 5, 6, 7. This

Court should do the same.

**Third**, Shah's motion violates Local Rules 6-1 and 7-3. Local Rule 6-1 provides that a motion must be mail served 31 days before the noticed hearing date. Here, Shah's proof of service reflects mail service on Backoffice 29 days before the hearing date. Because Shah did not provide sufficient notice of the hearing, it should be denied.

Further, Central District Local Rule 7-3 requires a party to meet and confer at least 7 days in advance of filing a motion. C.D. Cal. L.R. 7-3. Shah filed this motion within 2 hours of discussing the motion with Backoffice's counsel. Taylor Decl. ¶ 11; Shah Decl. ¶7. Because Shah did not meet and confer about his motion 7 days prior to filing, it should be denied.

**Fourth**, Shah's motion is unnecessary. Backoffice did not refuse to engage in a Rule 26(f) conference, defense counsel only refused to participate in a premature conference before it had appeared in this case. In fact, Backoffice's counsel scheduled an early Rule 26(f) conference for April 24, 2026, with Shah using Shah's own Google calendaring tool. Shah immediately canceled the appointment. Taylor Decl. 10; Exh C. Backoffice also proposed alternative dates the week of April 20, but Shah refused to cooperate with Backoffice on a mutually agreeable schedule. Taylor Decl. ¶¶ 6-9, Exh. B; Shah Decl., Exh. A. Shah did not need to move to compel, he could have, and should have, allowed Backoffice to appear and cooperate with a mutually agreeable schedule. For that reason, this motion should be denied as moot and unnecessary.

Further, defense counsel notified Shah that he will not be available to participate in the Rule 26(f) conference until the week of April, 20 and that he is engaged in trial from April 12 through April 17, 2026. Taylor Decl. ¶¶ 6-9, Exh. B; Shah Decl. Exh. A. Shah disregarded this and immediately noticed this motion for April 17, 2026, when he knew defense counsel was not available that day. He also continued to insist on an earlier meeting despite knowing counsel is not available.

As of March 27, 2026, the Court has now set a scheduling conference for June 12, 2026, with a Rule 26(f) report due May 29, 2026. Holding the conference in late April, as proposed by Backoffice, allows plenty of time before the Rule 26(f) report is due.

**Fifth**, these circumstances indicate that Shah filed this motion to compel for an improper purpose. Shah's repeated attempts force an unnecessarily early Rule 26(f) meeting, in this case and others, coupled with his violations of Local Rules and disregard for counsel's availability, demonstrate that this motion lacks a proper purpose and Shah has pursued it for the purpose of increasing the costs and burden of litigation. Federal Rule of Civil Procedure 11 prohibits such conduct. Specifically, Rule 11(b)(1) prohibits motions for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." The Ninth Circuit has noted that Rule 11 expressly applies to unrepresented parties, like Shah. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). While Backoffice has not moved for Rule 11 sanctions, its counsel was correct to caution Shah that his conduct risks violation of the rule.

For the foregoing five reasons, Backoffice respectfully requests that this Court deny Shah's motion to compel.

DATED: March 27, 2026

MUSICK, PEELER & GARRETT LLP

By: [signature]

Daniel J. Taylor
Attorneys for Defendant
BACKOFFICE ASSOCIATES, LLC